Daniel, J.
I concur with Judge Allen in the view he presents of the probable state of the case at the time the instructions were given by the Judge in the Court below ; and I also concur with him in the opinion, that the instructions were wrong in so far as they deprived the defendant of the privilege of proving that some of the items in the account filed with his plea of payment, were, in fact, as they purport to be, payments, and not offsets, and thus not within the influence of the statute of limitations. I do not, however, think that the Judge *462 below erred m instructing the iury to disregard all such . . ^ items as were properly items of oyseí, “ which there was no evidence to prove the plaintiff had either prom-se(j or agree(j [q pay; within five years before the £|jng 0f the said account of offsets and plea of payment pleaded.” The time of filing his plea and account by the defendant, and not the commencement of the suit by the plaintiff, was, I think, properly treated in the instructions, as the period to be referred to in deciding whether the limitation prescribed by the statute had expired. A promise or agreement to pay the account, though made within five years before the plaintiff’s action was brought, could not, I think, avail to defeat the statute, if made more than five years before the filing of offsets by the defendant.
By our statute of discounts and set-offs it is enacted, that when any suit shall be commenced and prosecuted in any Court within this Commonwealth, for any debt due by judgment, bond, bill or otherwise, the defendant shall have liberty, upon trial thereof, to make all the discount he can against such debt; and upon proof thereof the same shall be allowed in Court. Under this law, the uniform practice is, to allow discounts up to the time of trial. The English rule excludes all offsets that did not exist at the commencement of the suit. This admission of offsets which have accrued or been acquired since the commencement of the suit, under our law, and their exclusion under the English law, constitute the main feature of difference in the respective systems in relation to this subject. So far as respects the application of the statute of limitations, to any items of offset existing at the time of the action commenced, I see nothing in the language of our statute calling for a construction different from that which might be properly given to the English statutes on the same subject. If, therefore, English cases could be produced, deciding that an offset, which at the time of its *463 being pleaded, had run over the time limited by the statute, was good because it was not barred at the commencement of the suit, such decisions, I admit, would be entitled to much weight in determining the question before us. I have not, however, been able to find any English case in which the question has been decided. The case of Evans v. Prosser, 3 T. R., it is supposed, lays down doctrine in support of the proposition, that the promise or agreement, if not barred at the commencement of the suit, would be good, though the five years may have run before the time of pleading. That case does not, it seems to me, decide any principle bearing directly on the case in hand. In that case, the defendant having an offset, which in fact subsisted at the time of suit brought, pleaded it as one “ before and at the time of plea pleaded.” Upon demurrer, the plea was held bad, though the defendant was afterwards permitted to amend by stating the set-off according to the truth, as one “ before and at the commencement of the suit.” The decision goes to the extent that a claim, to be good as an offset, must be one subsisting at the time of the commencement of suit, but no further. It does not decide that the claim must not continue to subsist down to the time of plea pleaded, as a valid cause of action, having the present capacity of being made the subject of a cross suit.
A number of cases can, no doubt, also be cited, asserting the proposition that accounts which are barred by the act of limitations at the commencement of the suit, cannot be successfully pleaded as offsets. Still, in no case, English or American, have I been able to find the converse of the proposition maintained — that an offset against which the time had run at the date of the plea, ought to be held good, because of its being within the limitation at the commencement of the action.
*464 If we look to the object and theory of the law of offset, the arguments to be deduced therefrom seem to me to predominate greatly in favour of referring to the tj[ne ^ plea pleaded as the date by which to ascertain whether the offset is barred by the statute. The great and leading object of the law of set-off is to prevent multiplicity of suits, and hence it permits a defendant, having claims against his suitor, (instead of bringing his own action to recover what may be due to him from the plaintiff,) by pleading and giving notice of his claim, to discount and set it off against the demand of the plaintiff. The plea of offset stands in the place of, and is in substance and effect, a cross action. The formal plea with us is not required, but in England it formerly was, and was required to be expressed with great certainty, that the plaintiff might be able to make a proper defence to it. Buller’s Nisi Prius 179. Prom the very nature of the plea, then, it would seem that the defendant can acquire no advantage by resorting to it, which he might not have had if he had brought his action.
The truth of the proposition, as a general one, cannot be gainsaid, that the defendant cannot prevail in his offset, unless he could, for the same cause, have maintained an action against the plaintiff; and that the plaintiff, on the other hand, cannot be deprived of any replication to the offset which would have availed him as a plea to a cross suit for the same cause of action. Why shall the statute of limitations be made an exception to this general rule ? The law of offset does not compel the defendant to litigate his claim against the plaintiff in the suit brought by the latter, but merely permits him to do so. He may rely on his offset or bring his action, as he prefers. If he elect to rely on his offset, he then assumes, quoad the offset, the attitude of a plaintiff. At the moment of filing his plea and account of offsets, and not before, he becomes the actor, and the plaintiff *465 a defendant, so far as litigation about the offsets is concerned. Why shall he be barred by the statute if he brings a suit, and not barred if he chooses to prosecute his claim by proceedings, which, by law, have been substituted in place of the suit? How can the institution of the suit by the plaintiff for his claim, stop the operation of the act as to the defendant’s claim ? The relation which the parties having opposing claims against each other respectively, bear to each other, according to the English rule and our own, is very different from that in which they would have stood towards each other under the civil law. By the latter, the cross-debt to the same amount is, by mere operation of law, and independent of the acts of the parties, extinguished; and the action is virtually for the balance. 2 Story’s Equ. Jur. § 1440. But by our law, as before observed, if the defendant has a right of set-off, he is not bound to exercise it ; and if he does not exercise it, he is at liberty to commence an action for his own debt. The proposition, that the commencement of the plaintiff’s action stops the running of the time as- to offsets not then barred, cannot, it seems to me, be sustained without applying the rule of the civil law to such offsets, and holding that before any thing is done by the defendant the plaintiff’s demand is extinguished to the extent of the offsets. I see no reason for applying this doctrine to offsets thus situated, which would not make its application proper to offsets which had overrun the limitation at the date of the action brought.
It is urged, that if the time of the plea pleaded be referred to as the date by which the limitation is to be tested, the privilege of recovering his claim by way of offset would be wholly without any benefit to the defendant in certain cases, inasmuch as under the rules of practice in the Courts, the five years might run out before the defendant could plead. It is to be kept in mind, however, that the right to insist upon his offsets *466 in any case, is a mere privilege to the defendant; and it is not to be supposed that the Legislature, in granting it, intended to repeal, to any extent, the statute of limitations. The reasons for upholding the policy of that statute are just as strong in the case of a claim asserted by way of offset as of one demanded by suit. In granting this privilege to the defendant, the Legislature did not mean to deprive the plaintiff of the benefit of a law which may, in many cases, be his only means of sheltering himself against demands unjust in their origin, or which, though once well founded, have been paid, but the evidences of payment lost. If the defendant desires to exercise his privilege, he must look to it, that he files his plea in time ; or if he is so situated that he cannot do so, he may still resort to the original right of commencing his own action; of which the law has not deprived him.
A strong argument in favour of the views I am endeavouring to sustain is, I think, to be derived from a reference to the form of the plea of set-off. It is necessary for the defendant to aver in his plea not only that he had a valid and subsisting demand against the plaintiff at the time of the commencement of the suit, but also that it is still a subsisting claim. If, since the institution of the suit, the claim asserted by way of offset has been paid, or released or assigned away, it cannot be relied on. The plea, therefore, does not, as most pleas do, refer merely to the commencement of the suit, but also to the time of plea pleaded. In Dendy v. Powell, 3 Mees. & Welsb. 442, the plea stated that at the time of the commencement of the action, the plaintiff was indebted to the defendant in sums of money exceeding the debt claimed by the plaintiff, but omitted to add "and still is indebted.” On demurrer, the Court decided unanimously, that the plea was bad. Lord Abinger, Chief Baron, said: “ The Court are all of opinion that the plea is bad. No doubt all pleas refer to the commencement of the action; but until the defen *467 dant offers to set off his cross demand against the plaintiff’s claim, the plaintiff cannot know that he means to do so.” Alderson, Baron : “ For all that appears by the plea, the defendant’s claim may have ceased to exist since the action was brought.” Can a claim against which the five years have run, and which is within none of the savings of the statute, be truly said to be a valid and subsisting claim ? I apprehend that when the plea avers that the plaintiff is “still indebted,” it means that he is indebted by a claim, the remedy to recover which, by suit, still exists.
Reference to the form of the replication to the plea of offset, in Chitty’s Pleadings, it is supposed, will result in shewing that the issue to be made up is to be decided by the state of facts, in regard to the limitation, existing at the commencement of the suit. The form of the replication recommended by Chitty, is no doubt drawn from the precedents found in the decisions of the Courts. So far as I have had it in my power to examine the reports of the English decisions on the subject, they were all made in cases where the six years had run out before the commencement of the action. In all such cases the form of replication referred to would be proper. The averment in the replication, that the offset did not arise within six years before the commencement of the action, necessarily amounts to an averment that it did not accrue within six years before plea pleaded, except in the case where the offset has arisen since the action commenced ; and such offset, as before shewn, is not allowed by the English law, and would be disposed of by demurrer without the necessity of a replication. In cases where the limitation has run against the offset at the date of the plea, but had not at the commencement of the action, the replication should be made to conform to the state of the facts.
The statute of limitations says, that the actions therein named may be commenced and sued within the time and limitation therein expressed, and not after. Prior *468 to the passage of the act 3d April 1838, which provides that the statute of limitations shall be taken to apply to the case of any debt on simple contract, alleged by way get_0g? ejtiier by p]eaj notice or set-off, no express referenee to set-offs was to be found in any of the statutes of limitation. How were they brought within the control of the statute, except by defining and treating them as suits, as cross actions. To hold that such cross actions may be brought, or in other words, that such offsets may be asserted by plea after the five years have run against them, is to go directly against the words, to run counter to the express inhibition of the statute.
Again : It is a familiar rule, in construing the statute, that, when the time once begins to run, it runs over all mesne acts. If the operation of the limitation is once commenced, it is not stayed or suspended by any subsequent'disability. Its progress is not checked, either by coverture or infancy; though, by the express terms of the statute, if the right of action first accrues during the disability, the time does not commence running till after the disability is removed. So, if the statute has commenced to run in the lifetime of a debtor, and after his death there is an interval during which there is no representative to be sued, the operation of the statute is not suspended during such interval; though, if there are no parties in existence capable of suing and being sued, at the time the cause of action arose, the limitation does not commence. In the absence of any express provision on the subject, it seems to me difficult to maintain that a statute which, when its progress is once commenced, pays no respect to the incapacity or even the death of parties, is to be stayed by the institution of a suit, which, so far from bringing any disability upon the debtor, confers upon him new means of asserting any claim he has against the plaintiff in the action.
Let us, for a moment, look at the strange consequences which must result from refusing to adopt the time of *469 the plea pleaded as the date by which to determine the question of limitation. A defendant is sued who has an account of offsets greater in amount than the demand of the plaintiff. It is now more than five years old, though it was not barred at the time of the commencement of the suit. He files his plea, and gives notice that he will rely, by way of offset, on so much of his account as will discharge, or is equal to, the plaintiff’s claim ; and on the same day, sues the plaintiff in assumpsit to recover the balance.
In order to maintain that the plea is to be referred solely to the commencement of the action, it is necessary to shew that the whole of the defendant’s account is protected from the operation of the statute by the plaintiff’s suit, or the result must follow that the defendant, in his cross suit in assumpsit, is defeated by a plea of the act of limitations, whilst, in his offset, he prevails against the same defence. Or, take a case under the act of the 16th April 1831, allowing special pleas in the nature of set-offs to be pleaded in certain cases. Suppose, in a suit on a bond founded on the sale of personal property, the defendant pleaded a breach of warranty of the soundness of the property, upon which action had accrued more than five years before the time of pleading, but less than five years before suit brought. Let us suppose that the damages claimed by him and allowed by the jury exceed the balance due on the bond. Under the statute, he not only destroys the bond, but obtains a judgment for the excess. If he had brought suit at the time of filing his plea he would have been wholly defeated. His claim for damages would have been successfully met by a plea of the statute of limitations, aud the plaintiff would have gone on in his own action to recover his whole bond.
I see nothing in the act of 1831 requiring us to adopt a rule, in applying the statute of limitations to the spe *470 cial pleas by way of offset, therein provided for in such case as I have supposed, different from that which holds in the case of discounts and set-offs under the general j cannot believe that the legislature intended sncj1 strange results as I have above mentioned, by the passage of the laws commented on, and therefore cannot concur in that construction of those laws from which such results legitimately proceed. All the items of offset filed in this case being more than five years old at the commencement of the suit, I think the Judge was right in instructing the jury that any promise or agreement to pay would be barred, unless made within five years before the time of plea pleaded.
Baldwin, J. There is, at first view, some obscurity in the bill of exceptions taken in this case, which is, however, removed by attending to the precise nature of the question that was presented to the consideration of the Court below. The instruction moved for by the plaintiff was not based upon any evidence introduced on the part of the defendant to prove the items stated in his account of set-offs, but upon the account itself, and was designed to cut off and preclude the defendant from offering any evidence upon the subject. Though it does not appear from any entry on the record, that the account of set-offs was filed by the defendant with his plea of payment, yet that fact must be taken as conceded by the bill of exceptions; and all the items in the account would seem therefore, as dated, to have originally accrued more than five years before the plea pleaded and account filed : and indeed they would also seem, from the dates, to have accrued more than five years before the bringing of the suit. The plaintiff’s counsel, supposing that the dates of the items, as stated in the account, should govern the application of the statute of limitations, and that the proper period for computing the bar of the statute was, not from the in *471 stitution of the suit, but from the time of the plea pleaded and account filed, moved the Court to instruct the jury, that all items in the defendant’s account of set-offs, which accrued more than five years before it was filed and the plea of payment pleaded, were barred by the statute of limitations. This instruction was resisted by the defendant’s counsel, on the ground that the plaintiff had not replied the statute to the account of set-offs, and therefore could not rely upon it. The bill of exceptions, it is true, after stating the introduction by the plaintiff of the obligation on which the action is founded, adds that he there rested his cause ; and so, after stating the introduction by the defendant of his account of set-offs, adds that he there rested his defence. But this language (which was rather inappropriate,) must not be understood as importing that the defendant was unprepared with any evidence to sustain his account of set-offs, but as used to import that none had yet been offered, and that the instruction asked for had reference merely to the items of the account itself as stated upon its face. It would have been utterly absurd for the plaintiff to have moved the instruction, if in point of fact the defendant was without any evidence to prove the.items of his account.
The defendant’s objection to the instruction so moved, that the plaintiff ought to have relied upon the statute by replication to the account of set-offs, was obviously without foundation, inasmuch as the account was no no part of the defendant’s plea, and could not be noticed in pleading. And as the plaintiff could not reply the statute, he of course had a right to rely upon it in evidence, for the purpose of shewing that the defendant was not entitled to the set-offs claimed. But it was premature to ask any instruction to the jury upon the subject, until the defendant had introduced or at least offered his evidence. There was no propriety in founding a motion to instruct upon the account of set-offs it *472 self, and so assume that the set-offs appeared upon the face of the account to be barred by the statute of limitations. The question, whether the set-offs were barred ^ the statute, could not arise upon the account itself, the proper function of which was, not to present a bar to the plaintiff’s action, but to give him notice of the particular matters of defence, which would be relied on before the jury, under the general plea of payment, and to prevent him from being surprised at the trial. If sufficient for that purpose, no other objection could be taken to the account, however informal, inaccurate or insufficient in other respects; nor could it be properly made the basis of an instruction to the jury in relation to the statute of limitations. Whether the defendant’s set-offs were barred by the statute was a question to be determined upon the whole evidence for both parties; and it was not incumbent upon the defendant to set forth his evidence, or any part of it, in his account of set-offs.
It seems, however, the Court assumed that the question as to the bar of the statute properly arose upon the face of the account itself, before the defendant had introduced or offered his evidence, and that the items appeared from the account to have been barred by the statute, and must be so treated, unless revived by a new promise or agreement to pay them; and therefore instructed the jury to disregard the items of the account which there was (meaning should be,) no evidence to prove the plaintiff had either promised or agreed to pay within five years before the account filed and plea pleaded.
This instruction of the Court, it seems to me, was not only premature, but invaded the province of the jury; for the periods at which the set-offs accrued was matter of evidence not for the Court but the jury; and if the plaintiff could rely before the jury, as I presume he might, upon the dates in the account to shew when *473 the set-offs accrued, still it was only as evidence, and not as an estoppel, and therefore it was not conclusive.
The instruction was also, I think, too broad in asserting that the items of set-off were of necessity barred, unless the defendant could prove a new promise or agreement to pay them within five years; for there are several provisoes in the statute which would prevent the bar, irrespective of any new promise or agreement. If the evidence had been heard before the instruction was given, and did not touch any of the provisoes, the instruction would be construed in reference to it; but the Court having undertaken to give the instruction before any evidence was introduced, was bound to state the law correctly in respect to any evidence which might be offered.
I do not deem it necessary in this case to consider whether an express agreement between the parties to treat a set-off as a credit, or an implication of such an agreement from any course of dealing between the parties, would affect the application of the statute; nor to enquire whether any of the items, as stated in the account, indicate payments instead of set-offs. And this action having been brought prior to the act of 1838, Sessions Acts, p. 73, ch. 95, § 1, requiring new promises or acknowledgments by words only, which are to take cases out of the statute of limitations, to be in writing, that act has no bearing upon it.
I think the instruction was also erroneous in requiring the new promise or agreement to have been made within five years before the account of set-offs filed and plea pleaded. In relation to set-offs acruing after the action brought, the period of limitation assumed by the Court is correct; but it is not so in relation to set-offs which accrued before the commencement of the action; and upon this point I concur in the views presented in the opinion of Judge Allen.
*474 I am of opinion that the judgment ought to be re- . .. -it t versed, and a new* trial directed.
Allen, J. This was an action of debt upon a single bill, dated the 1st of May 1821, payable on demand. The declaration was filed at the September rules 1835, but as the writ is not made part of the record, it does not appear when process was sued out. On the 21st November 1835, the defendant in the Court below set aside the office judgment and pleaded payment. This was the state of the pleadings as disclosed by the record, when the cause came on for trial. At the trial, the defendant filed a bill of exceptions to an instruction moved for by the plaintiff below,, and given by the Court, which states that the plaintiff, in support of his case, exhibited the single bill declared on, and there rested his cause. Whereupon the defendant introduced and relied on the account of offsets filed with his plea of payment, which account is set out, and there rested his defence; and then the plaintiff asked the Court to instruct the jury, that all items in the defendant’s bill of offsets which accrued more than five years before the bill of offsets was filed and plea of payment pleaded, were barred by the statute of limitations: and the Court instructed the jury to disregard the items in the account which there was no evidence to prove that the plaintiff had either promised or agreed to pay within five years before the filing of the said account of offsets and plea of payment pleaded.
From this statement of the pleadings and facts set out in the bill of exceptions, it is difficult to ascertain what was the object of the plaintiff in moving for instructions, or why they were given ; and whether, conceding the instructions to be erroneous, the defendant was injured. He introduced and relied on the account of offsets filed with his plea, and there rested his defence. If this is to be understood as meaning that the *475 defendant offered the account and accompanied it with no proof to establish the justness of it, there could have been no necessity for the application of the statute of limitations. The account by itself proved nothing. The fair presumption, perhaps, is, that the original justness of the account was conceded, or that the defendant was prepared with proof to establish it, and that he was cut off from offering it by the instruction asked for by the plaintiff and given by the Court. Giving this construction to the bill of exceptions, it becomes necessary to enquire whether the instruction is correct. And it seems to me it was wrong in two respects. The first item in the account is, “ to my proportion of a negro boy purchased jointly with you, which amount you promised to credit on my bond.” The item bears date after the bond became payable. This item, if proved as charged, constituted a payment, and reduced the debt pro tanto. Where a debtor delivers to his creditor property, the amount of which it is agreed is to go as a credit on a bond then due, although the creditor may neglect to enter the credit, this neglect cannot alter the nature of the transaction. The debtor does not become a creditor by such a payment, for which he could maintain a cross action. The effect, as it seems to me, is merely to extinguish so much of the debt; and therefore, if the payment was proved, the statute of limitations could have no application. It is true that in the bill of exceptions, the account is described as the account of offsets filed with the plea of payment; and this is the first notice we have that any account was filed.
Our statute, 1 Rev. Code, ch. 128, <§> 87, p. 510, provides, that where a defendant shall desire to prove any payment or set-off, he shall file with his plea an account stating distinctly the nature of such payment or set-off, and the several items thereof. Here the account re. quired by the statute appears from the certificate in the *476 bill of exceptions to have been filed with the plea of payment. The items are distinctly stated, and if from that statement it appears that any one of the items consisted of a payment, and not an offset, the general descrjption of the account as an account of offsets, ought not to affect the rights of the parties. The notice of the item is to be obtained from the face of the account, and if the nature of it is there distinctly stated, the statute is complied with.
In the instruction given, the jury was directed to disregard the items in the account filed, and which there was no evidence to prove the plaintiff had either promised or agreed to pay within five years before the filing of said account of offsets, and plea of payment pleaded. All the items bore date much more than five years before the plea was filed. There might have been a valid agreement to pay within five years before the suit was brought, although not within five years before the plea was filed; and the first, I think, was the proper period to refer to, where, as in this case, all the items arose long anterior to the institution of the suit. Under the English statute, a plea of set-off that the plaintiff was indebted to the defendant at the time of the plea pleaded, is bad; it should state that he was indebted at the commencement of the action. Evans v. Prosser, 3 T. R. 186. The replication to such a plea is, that the offset did not arise or accrue within six years next before the commencement of the action by the plaintiff. 2 Chitt. Plead. 604. The forms of pleading upon such a question, are strong evidence of the law; and by those forms the issue made up is referred exclusively to the time of the commencement of the action, and not to a subsequent period. Under the English statute, the debt, to be pleadable as a set-off, must be a mutual subsisting debt at the time of bringing suit. Williams v. Gilchrist, 3 Bibb. R. 49; Alsop v. Nichols, 9 Conn. R. 357. A claim barred by the statute of limitations can *477 not be treated as an existing debt; and for this reason . . , . . ... the statute may be interposed against it when relied on by way of set-off. But if it was a subsisting debt when the action was commenced, it then constituted a valid set-off; and though not filed until afterwards, the rights of the parties should be determined as at the time when the controversy commenced. Otherwise the highest injustice might be done to the defendant. The omission of the plaintiff to file his declaration, or the fact that it could not be filed until the statute began to run against the defendant’s claim, would deprive him of the benefit of his set-off. The statute was remedial, intended to prevent multiplicity of suits; and the rights of the parties should be referred to the time of the institution of the suit, where the set-off relied on arose before it was commenced. The language of our statute varies from the English statutes. The defendant is authorized upon the trial to make all the discount he can against the plaintiff’s debt; and according to the practice, discounts are allowed up to the time of the trial; but not so as to destroy the plaintiff’s action, and entitle the defendant to costs.
This is an extension of the privilege of making set-off to claims acquired after suit brought; but cannot be properly construed as narrowing or impairing the defendant’s rights in reference to offsets which were valid and existing at the time of commencing the action. As, therefore, the instruction in this case may have deprived the defendant of an opportunity of proving a valid promise to pay by the plaintiff within five years before the institution of the suit, although he might not have had it in his power to prove such a promise within five years before the filing of the account and pleading payment, we cannot say the defendant was not injured by the instruction if it was erroneous; as it appears to me it was.
I am for reversing, on both the grounds stated.
*478 Bkooke, J. This is really a small case, and I shall make short work of it. It is admitted that there was no evidence to prove the several charges in the account o;g-se£s g]e(j . an(j £here was nothing but the bond before jnry, upon the plea of payment. The instruction to the jury asked for by the plaintiff’s counsel was therefore improper; and the instruction upon the act of limitations, that the five years was to be computed to the time of filing the account of offsets, instead of the time of bringing the suit, was erroneous.
The surmise, that the instruction prevented the defendant from offering his evidence to the jury, if correct, ought to have been stated in the bill of exceptions. On these grounds, I thought the verdict ought not to be set aside, but the judgment should be affirmed. But, as the rest of my brother Judges think the verdict ought to be set aside, and a new trial awarded, I acquiesce in their opinion.
The judgment of the Court was as follows:
The Court is of opinion, that it was not competent for the plaintiff in the action to reply the statute of limitations to the defendant’s account of set-offs, and he was therefore at liberty to rely upon it in evidence : but that the Circuit Court erred in its instruction to the jury, that they were to disregard the items in the said account of set-offs, which there was no evidence to prove the plaintiff had either promised or agreed to pay within five years before the plea of payment and account of set-offs filed. The defendant’s set-offs, as dated in said account, accrued before the commencement of the plaintiff’s action ; and though it is true, where a defendant’s set-off’s have accrued after the suit brought, but not within five years before payment pleaded and account of set-offs filed, they may be barred by the statute of limitations, unless there has been a new promise or agreement to pay them within the five years; yet this is not *479 true in regard to set-offs which accrued before the commencement of the action. In regard to the latter, the period of limitation is five years before the suit brought, and therefore the new promise or agreement may be sufficient to repel the statute if made within that period. The Court, therefore, without deciding any other principle in relation to said instruction, is of opinion that the same was erroneous, for the reason above mentioned. It is therefore considered that the judgment of the Circuit Court be reversed and annulled, and the verdict of the jury set aside, with costs to the plaintiff in error. And the cause is remanded to the, Circuit Court for a new trial to be had therein.