## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### G. S. SEXTON & Co. v. C. AULTMAN & Co.

#### JULY 25, 1895.

1. PLEADING—*Act of Limitations—Set-Off Under Sec. 3299 of Code—Replication.*—The general rule that the statute of limitations must be specially pleaded has no application to a plea of equitable set-off under sec. 3299 of the Code. The only replication which is allowed to such plea, under sec. 3300 of the Code, is a general replication, and under that replication the plea of the statute of limitations may be relied on.

2. PLEADING—*Set-Off—Plea—Notice—Act of Limitations—Replication.*—A defendant may make the defence of set-off, other than the equitable set-off under sec. 3299 of the Code, either by a formal plea, or by a *notice* of the set-off, accompanied by an account of set-offs. If the defence be by plea, the plaintiff must reply specially; but, if the defence be by *notice*, there can be no replication, and the act of limitations may be relied on without further pleading.

3. INSTRUCTIONS—*Surprise.*—A correct instruction upon a point which the evidence tends to prove can never work a surprise in law.

Error to a judgment of the Circuit Court of Wythe county, rendered September 29, 1892, in two actions of debt heard together by consent, wherein the defendants in error were the plaintiffs and the plaintiffs in error were the defendants.

*Affirmed.*

The opinion states the case.

*Blair & Blair*, for the plaintiffs in error.

*Walker & Caldwell*, for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

The defendants in error brought two actions of debt against the plaintiffs in error upon certain notes made by the latter.

The cases were heard together, by consent, as one case. The defendants pleaded *nil debet*, filed their account of set-offs, and a special plea in writing under our statute of equitable set-offs (sec. 3299, Code of 1887). The plaintiffs replied generally to these pleas, and filed a list of counter set-offs. Upon the trial of the case the plaintiffs were allowed to rely on the statute of limitations to defeat the defendants' claim of set-offs, without replying the statute specially, either to the account of set-offs or to the plea of equitable set-off, and this action of the court is assigned as error.

Ordinarily the statute of limitations must be pleaded specially, or it cannot be relied on; but there are some exceptions to the rule. In the case of equitable set-off under our statute it cannot be pleaded specially. The only reply that can be made to such plea is a general replication. Sec. 3300 of the Code expressly provides that every issue of fact upon such plea "shall be upon a general replication that the plea is not true; and the plaintiff may give in evidence, on such issue, any matter which could be given in evidence under a special replication, if such replication were allowed." If the set-off relied on is not an equitable set-off under our statute, the defendant may either *plead* the set-off, or give notice of it by filing an account of set-off.

If he plead it, then the plaintiff, if he relies upon the statute of limitations, must reply it specially. 4 Minor's Inst. 659–60, 667 (1st ed.); *Trimyer* v. *Pollard*, 5 Gratt. 460.

But if the defendant does not *plead* his set-off, but gives *notice* of it and files an account of set-off, the plaintiff has had no opportunity to reply the statute of limitations, but may avail himself of the statute upon the trial. Mr. Minor says: "And it should be observed that where the defence is presented, not by plea, but by *notice*, as the plaintiff has no day

in court *to reply the statute of limitations,* he may avail himself of it at the trial without pleading it; but it is otherwise if the set-off be pleaded." 4 Minor's Inst. 660; *Trimyer* v. *Pollard,* 5 Gratt. 460; *Smith* v. *Pattie,* 81 Va., at pages 664–5.

In this case the defendants gave notice of their set-offs, and filed an account of them, instead of pleading them, and, under the settled practice in this State, the plaintiffs had the right to rely upon the statute of limitations upon the trial without pleading it. The court did not, therefore, err in holding that the plaintiff had the right to rely upon the statute of limitations without pleading it.

It is also assigned as error that the following instruction, given by the court, was erroneous:

" The court instructs the jury that if they believe from the evidence that the defendants, G. S. Sexton & Co., are entitled to commission on the Floyd sale, and if they further believe from the evidence that the same, according to the true intent and meaning of the parties by their contract and dealings in regard to the same, became due more than five years before the filing of said accounts of set-offs and plea in this suit, then they must find for the plaintiffs, C. Aultman & Co., on said Floyd commission, and reject the same."

. It is contended that the instruction is erroneous, on two grounds—

First. Because it operated as a surprise upon the defendants, at the conclusion of the case, and when the case was about to be argued, for the court to give an instruction which served the purpose of replying the statute of limitations to defendants' pleas of set-off, when no such replication had been filed.

For the reasons given above, there was not only no necessity for replying the statute of limitations, but no opportunity for it. The plaintiffs had the right to an instruction upon that point, as the evidence tended to show that the defendants'

Opinion.

claim of set-off for the commissions on the Floyd sale was barred by the statute of limitations, and a correct instruction upon a point which the evidence tends to prove can never work a surprise in law.

The objection to the instruction upon that ground must therefore be overruled.

The other ground of objection is that the instruction invaded or trenched upon the province of the jury. This objection is also without foundation, as the whole question was left to the jury as to when the commissions on the Floyd sale became due and payable, if at all, under all the evidence in the case.

The verdict of the jury was fully sustained by the evidence, and the judgment of the Circuit Court must be affirmed.

*Affirmed.*