# Richmond

CLARA J. NEELY v. GROVER L. WHITE.

April 21, 1941.

Record No. 2343.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

*William G. Maupin,* for the plaintiff in error.

*Edward S. Ferebee,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

On November 1, 1927, Clara J. Neely, the plaintiff below, made a loan of $2,500 to Cape Henry Cottage Corporation. This obligation was evidenced by a negotiable note payable two years after date, with six per cent interest payable semi-annually. It was secured by a deed of trust on a lot in Glencove Estates.

Cape Henry Cottage Corporation conveyed the lot to Grover L. White, the defendant below. The deed was made on February 1, 1928, and White expressly assumed the payment of the $2,500 due Clara Neely as a part of the consideration for the lot. He signed and sealed the deed as evidence of his assumption of that debt.

After the conveyance to White he paid all of the semi-annual interest on the $2,500 to Clara Neely for some ten years, including the payment due on November 1,

1938. Afterwards he refused to pay further interest, and at the September rules, 1939, Clara Neely filed a declaration *in assumpsit* against him for the amount due her. This action was founded on the assumption by White of the debt due Miss Neely and was instituted under Code, §5143, authorizing persons for whose benefit a contract has been made to institute an action thereon.

Several pleas were filed by the defendant. A trial was had by a jury and the plaintiff was awarded a verdict of $2,500 with interest, subject to a credit of $1,000 with interest from February 2, 1928. The court pronounced judgment upon the verdict.

The judgment was not satisfactory to either party. Miss Neely complained that there should have been no credit allowed on the amount due her, while the defendant White claimed that Miss Neely was not entitled to anything because her predecessor, the Cape Henry Cottage Corporation, through whom she derives her right to maintain her action, made the first default in the contract from which the present rights of the respective parties arose.

The Cape Henry Cottage Corporation was made a party defendant in the lower court, and it filed its plea of the general issue and a plea of the statute of limitations to the claim of the defendant White. There was no verdict or judgment on the issues raised in these pleas.

The present writ of error was applied for by the plaintiff, Miss Neely. The defendant White has assigned cross-error.

The present controversy is an outgrowth of a certain contract between the Cape Henry Cottage Corporation and White whereby they agreed upon an exchange of real estate. This contract was made on January 28, 1928. White agreed to sell to the Cape Henry Cottage Corporation an apartment house at the agreed value of $15,000, which was to be paid as follows: $10,000 was to be paid to White in cash. The corporation was to convey to White the Glencove Estates lot (upon which Miss

Neely had a lien to secure her $2,500) at an agreed value of $5,000. The equity in the lot being $2,500, the corporation agreed to give White notes of that amount payable at fixed intervals and secured by a second deed of trust on the apartment house. White agreed to assume the payment of the debt of $2,500 due Miss Neely.

Later the contract was closed. The corporation paid White $10,000 in cash, gave him a deed to the Glencove Estate lot, and gave him notes for $2,500 (which amount was later reduced to $1,500 by mutual consent). Seven of these notes were for $100 each, payable every three months. The last was for $800 and was payable in two years from date. White gave the corporation a deed to the apartment house, and in the deed conveying to him the Glencove Estates lot White expressly assumed the payment of the $2,500 due Miss Neely. This assumption agreement by White, as already stated, was evidenced by his signature and seal to the deed. The first five of the notes given White, aggregating $500, were paid. The last three notes, two of $100 each and one of $800, or a total of $1,000, were never paid, though the last of them was payable on February 2, 1930.

The defendant White filed several pleas to the declaration. Among them was a special plea of set-off filed under Code, Ch. 255, §6145. This section embodies the law of statutory recoupment. In view of our ultimate decision in the case it will only be necessary to consider the matter set up in this special plea.

Under §6145 certain equitable defenses may be pleaded to an action at law. It provides that the defendant may plead failure of consideration, fraud, breach of warranty respecting personal property, or any other matter which would entitle him either to recover damages at law from the plaintiff or to relief in equity against the obligation upon which the action is brought.

The special plea set up three separate defenses. The first was that there had been a failure of consideration for the defendant's promise to assume the payment of

the $2,500 due Miss Neely. It was averred that as a part of the consideration for the exchange of properties the Cape Henry Cottage Corporation executed and delivered to the defendant notes aggregating $1,500 in principal, and that there remained three of them unpaid aggregating $1,000, with interest. The notes were shown to have been made February 2, 1928, and the last one became due and payable on February 2, 1930.

The second matter set up in the plea was an averment of facts tending to warrant a rescission of the contract on account of the failure of consideration.

The third matter was an offer of alternative relief. The defendant said he was ready to pay to the plaintiff the $2,500 for which the action was brought if the Cape Henry Cottage Corporation would first pay him the three notes of $1,000 representing the balance due him by the corporation.

There was a claim for consequential damages amounting to $2,415.

A written motion was made by the plaintiff to reject the special plea of set-off on several grounds, among them that the plea showed on its face that every promise obligatory upon the Cape Henry Cottage Corporation had been fully performed by it; that the plea sets up no facts showing a failure of consideration; that the plea showed that the three notes aggregating $1,000 are barred by the statute of limitations; that the plea showed no grounds for rescission; that it was bad because it sought rescission; and that no grounds are shown for the claim to damages.

The court overruled the motion to reject the plea and exception was taken to the court's ruling.

The plaintiff filed a general replication to the plea under §6146, and the case went to trial. At the trial the plaintiff offered two instructions which the court refused. An assignment of error is founded on this ruling.

Those two instructions were to the effect that if the

three notes aggregating $1,000 were due more than five years before the special plea was filed, then they were barred by the statute of limitations and could not be the basis of a recovery in favor of White or constitute a legal matter of defense in his behalf. The plea was filed December 5, 1939, and discloses that the last note was due on February 2, 1930, which, of course, showed that the notes were barred by the statute.

We think the court should have granted these instructions. The record discloses clearly that the notes were barred. In fact, this is conceded.

The defendant White contends that he was not seeking any recovery on the notes, but simply set them up as a pure matter of defense. This he probably could have done under common law recoupment, but he has filed a special plea of set-off, commonly known as statutory recoupment, in accordance with §6145 of the Code. In fact, only by availing himself of this section can the defendant set out in this action at law the particular defenses he has chosen. The entire subject of statutory recoupment is embraced in Chapter 255 of the Code (§§6141-6150). Having filed his special plea under that chapter, the defendant is bound by all of the statutory provisions. By Code, §6149, the defendant filing a special plea under this chapter is put on the footing of a plaintiff and is deemed to have brought an action against the plaintiff at the time of filing his plea. The statute further provides that the defendant's claim shall be open to the same grounds of defense to which it would have been open in an action brought by him thereon.

Failure of consideration—that is, the failure to pay the notes by the Cape Henry Cottage Corporation—is the material ground in the special plea of the defendant. The propriety of the other averments of the plea will not be discussed because unnecessary to our decision.

If we observe the mandatory provisions of §6149, and put the defendant White on the footing of a plaintiff on account of his filing the special plea, and deem him to

have brought an action against the Cape Henry Cottage Corporation (from whom Miss Neely derives her right of action) for partial failure of the promised consideration—that is, failure of the corporation to pay him the money due him under the exchange contract and evidenced by the notes—then his claim is open to the same ground of defense to which it would have been open in an action brought by him thereon. Therefore, if he had brought an action against the corporation for the money due him, unquestionably the corporation could have pleaded the statute of limitations, and if it could have pleaded the statute of limitations to such an action, then the plaintiff, Miss Neely, was entitled to the same right and should have been allowed that defense. The failure of the court to grant the instructions requested was a denial of her right to interpose the defense of the statute of limitations. *Sexton* v. *C. Aultman & Co.*, 92 Va. 20, 22 S. E. 838.

Counsel for the defendant argues that a defense was asserted in the plea and not a set-off to the plaintiff's action. He then seeks to make a distinction between a set-off and a defense. But Code, §6149, makes no such distinction. In his special plea the defendant has averred a failure of consideration in that the corporation has failed to pay him the amount due under the contract. He necessarily is deemed a plaintiff bringing an action against the corporation for its failure to pay him money. The language of the statute, "A defendant who files a plea * * * under this chapter shall be deemed to have brought an action * * * ," is so plain as to admit of no doubt.

The defendant White assigned cross-error. He maintains that the court should have instructed the jury, as requested, that the prior failure of the corporation to pay the notes due him as they matured was a complete defense to the plaintiff's action and called for a judgment in his favor. In other words his position is that inasmuch as the corporation first defaulted in its contract to pay the defendant the notes, the defendant was

thereby excused from performing his agreemnt to pay the plaintiff under his contract of assumption.

[2] The rule to the effect that a plaintiff has no right of action for a breach of contract where he himself has first broken it is not applicable here because the corporation's breach, which the defendant now asserts against the plaintiff under Code, §§5143 and 6145, did not "go to the root of the contract." Here the corporation's breach (failure to pay the notes) goes only to a minor part of the consideration, and the breach is of such a nature as to be readily compensable by way of counterclaim. The unperformed portion is easily ascertained and is liquidated. It may be segregated from the total consideration of $15,000. Under such circumstances the failure of the corporation to pay the $1,000 will not justify rescission of the entire contract or preclude it or the plaintiff, Miss Neely, from instituting an action thereon. If the obligation to pay the $1,000 had not been barred by the statute of limitations the defendant would have received it, or credit for it, under his special plea of recoupment. Certainly, the plaintiff or the corporation through whom she claims should not be barred from instituting an action when approximately ninety-three per cent of the contract has been performed by the corporation. The contract has been so substantially performed that the unperformed portion furnished no justification for barring the plaintiff in her action. The counterclaim, were it not for the statute of limitations, would have constituted a defense *pro tanto*.

The controlling legal principle is clearly and succinctly stated in 12 Am. Jur., *Contracts*, §360, as follows: "It does not follow in every case of mutual and dependent promises that upon a failure of one party to perform his promise the other party will be exonerated or excused from performing his promise. Before partial failure of performance of one party will excuse the other from performing his contract or give him a right of rescission, the act failed to be performed must go to the root of the contract. A failure of consideration of

such a degree that the remaining consideration may be deemed to be no substantial consideration is an excuse for nonperformace of a promise. A failure to perform a promise, the performance of which is a condition precedent, is an excuse for nonperformance of the promise made by the other party. But a failure of an unsubstantial part of the consideration for a contract is not such an excuse. Such failure of the consideration is merely a ground for an abatement of the damages. It is, however, a defense *pro tanto* where the contract and the consideration are apportionable and the amount of the failure is liquidated or certain or can be ascertained by mere computation.''

It is unnecessary to advert to the other assignments of error. The judgment is reversed and final judgment is here entered for the plaintiff for the $2,500 and interest as claimed, without the allowance of any credit for the unpaid notes.

*Reversed.*