## CIRCUIT COURT OF FAIRFAX COUNTY

Marie M. West

v.

Town & Country
Properties, Inc.

July 16, 1990

Case No. (Law) 92309

By JUDGE THOMAS A. FORTKORT

This case is before the court on the defendant's Motion for Summary Judgment on the plaintiff's Motion for Judgment. The plaintiff claims the defendant's failure to pay certain "override" commissions was a breach of her employment contract.

The defendant originally filed a Demurrer to the Motion for Judgment which was denied by Judge Annunziata on October 2, 1989, and then filed an Answer and Counterclaim. The counterclaim alleges the plaintiff also breached the employment contract by trying to hire the defendant's employees away from the defendant in violation of a clause in the contract which prohibited such conduct. The plaintiff demurred to the counterclaim claiming the clause was a restraint on trade, against public policy, and in violation of Federal Antitrust laws. That Demurrer was overruled by Judge Middleton on March 14, 1990, who held that the

clause in question was not "void, invalid, or otherwise unenforceable as a matter of law."

The case is not suited for summary judgment as questions of fact remain and, even if such questions were answered, the defendant has failed to show a substantial breach on the part of the plaintiff which warrants granting summary judgment against her claim.

The defendant's position is that because the plaintiff has admitted to much of the activity claimed in their counterclaim, that they are entitled to summary judgment on the plaintiff's motion for judgment.

Defendant is relying on the principle that the failure of one party to fully perform his part of a contract exonerates the other party of his obligations under the same contract. *Hurley v. Bennet*, 163 Va. 241 (1954).

The first problem with this proposition is that it would require findings of fact as to what performance was required under the contract, whether there was a breach and which party breached first. Notwithstanding the difficulty of making such determinations on Summary Judgment is the fact that such findings may be improper at this stage. "Questions relating to performance of the contract, interference with performance, and abandonment of the contract are jury questions." 4B Michie's Jurisprudence, *Contracts*, § 92 at 163 (1986).

It is clear that the plaintiff's breach was due to a partial failure of performance which did not go to the heart of the employment contract and, as such, would not be grounds for the defendant to withhold payment of her commissions, which would be the effect of granting summary judgment. The following states the controlling legal principle as cited by the Virginia Supreme Court from 12 Am. Jur., *Contracts*, § 360:

> It does not follow in every case of mutual and dependent promises that upon a failure of one party to perform his promise the other party will be exonerated or excused from performing his promise. Before partial failure of performance of one party will excuse the other from performing his contract or give him a right of rescission, the act failed to be performed must go to the root of the contract. A failure of consideration

of such a degree that the remaining consideration may be deemed to be no substantial consideration is an excuse for nonperformance of a promise. A failure to perform a promise, the performance of which is a condition precedent, is an excuse for nonperformance of the promise made by the other party. But a failure of an unsubstantial part of the consideration for a contract is not such an excuse. Such failure of the consideration is merely a ground for an abatement of the damages. It is, however, a defense *pro tanto* where the contract and the consideration are apportionable and the amount of the failure is liquidated or certain or can be ascertained by mere computation.

*Neely v. White*, 177 Va. 358 at 366-367 (1941).

Ms. West's actions following termination of her employment may be found by the trier of fact to be breaches of her employment contract. That breach, however, is not at the heart of the contract. She was hired to manage a real estate sales office, and her duties, as reflected by the contract, revolved entirely around selling real estate. In return, she was to receive compensation, to include the claimed "overrides," and such compensation was entirely dependent on the sale of real estate.

As part of the contract, certain restrictive covenants were also agreed to by Ms. West. However, even if those covenants were deemed to be consideration on her part for performance by the defendant, they are certainly not a "substantial consideration" as defined by *Neely*. The "root of the contract" is the agreement of Ms. West to sell real estate, either herself or through agents she managed, for Town and Country and for Town and Country to pay her based on those sales.

A breach of the employment contract has not been conclusively established. If there is a breach, however, it was not such a "substantial nonperformance" on the part of the plaintiff as to prevent her from maintaining her own breach of contract action for commissions earned but not paid. The counterclaim in this action will act as a set-off against plaintiff's claim for compensation, if that primary claim can be proven.