## CIRCUIT COURT OF FAIRFAX COUNTY

Tristate Development
and Construction, Inc., et al.

v.

Tau Kyu Kim et al.

November 7, 2006

Case No. CL-2005-2985

BY JUDGE KATHLEEN H. MACKAY

Under Virginia law, the equitable remedy of rescission is not permitted for the mere breach of a contract. Some jurisdictions permit rescission for a breach of the contract. 17 Am. Jur. 2d, § 554, p. 525 (2004). Rescission is a permissible remedy when a party alleges and proves a failure of consideration. *Andrews v. Sams*, 233 Va. 55, 59, 353 S.E.2d 735 (1987); *Bolling v. King Coal Theatres*, 185 Va. 991, 997, 41 S.E.2d 59 (1947); *Neely v. White*, 177 Va. 358, 366-67, 14 S.E.2d 337 (1941); *Southeast Lumber Co. v. Friend*, 158 Va. 863, 869, 164 S.E. 372 (1932).

Defendant/Counterclaim-Plaintiff Choo relies on the following language from *Neely v. White*, 177 Va. 358, 366-67, 14 S.E.2d 337 (1941), "[b]efore partial failure of performance of one party will excuse the other from performing his contract or give him a right of rescission, the act failed to be performed must go to the root of the contract." Choo then argues the contract breach in this case goes "to the root" because the alleged breach is arguably substantial and material. The language Defendant/Counterclaim-Plaintiff cites from *Neely*, however, is restricted by the following:

> A failure of consideration of such a degree that the remaining
> consideration may be deemed to be no substantial consideration
> is an excuse for nonperformance of a promise. A failure to

perform a promise, the performance of which is a condition precedent, is an excuse for nonperformance of the promise made by the other party.

*Neely v. White*, 177 Va. 358, 366-67, 14 S.E.2d 337 (1941).

Thus, rescission as contemplated by *Neely* is permissible only when a parties alleges and proves a failure of consideration, not a material breach of the contract.

Defendant/Counterclaim-Plaintiff notes *Neale v. Jones*, 232 Va. 203, 207, 349 S.E.2d 116 (1986), which permits rescission for a breach "which is [] of such substantial character as to defeat the object of the parties in making the contract. . . ." *Id.* (citing *Bolling v. King Coal Theatres*, 185 Va. 991, 996, 41 S.E.2d 59 (1947)). However, the *Bolling* language quoted by *Neale* also states "rescission will not be granted for breach of a contract ... where the remedy at law is plain, adequate, and complete." *Bolling*, 185 Va. at 991. Defendant/Counterclaim-Plaintiff can freely pursue a "plain, adequate, and complete" remedy at law in this case.

The language of *Neale* and *Bolling* which Defendant/Counterclaim-Plaintiff cites to support rescission in this case is irrelevant because they address dependent agreements. Agreements are said to be dependent where performance by one party is conditional on performance by the other; and independent where the consideration for the promise of one is the promise of the other, and an actual performance, or tender, is not required.

*Bolling v. King Coal Theatres*, 185 Va. 991, 996, 41 S.E.2d 59 (1947).

In this case, promises to demolish and construct were tendered for promises to pay. Plaintiff/Counterclaim-Defendant's consideration in this case, therefore, was the promise to perform, not the actual demolition and construction. Thus, an allegation that Plaintiff/Counterclaim-Defendant failed to perform the demolition and construction is categorically different from an allegation of the failure of consideration. Because Defendant/Counterclaim-Plaintiff's amended complaint has not alleged a failure of consideration and for the reasons stated in the court's June 23, 2006, Order, the equitable remedy of rescission is unavailable. The Motion to reconsider the June 23, 2006, Order of the court is denied.

228

*Order*

This cause came before the court on Defendant/Counterclaim-Plaintiff Choo's Motion to Reconsider the Court's Order of June 23, 2006. It appearing to the Court that the June 23, 2006, Order Sustained Plaintiff/Counterclaim-Defendants' Demurrer as to Counts I and II of the Amended Counterclaim, regarding Rescission, it further appearing to the Court that Defendant/Counterclaim-Plaintiff Choo's Motion to Reconsider is unpersuasive, it is hereby adjudged, ordered, and decreed that the Motion to Reconsider the Court's Order of June 23, 2006, is denied for the reasons set forth in the attached letter opinion.