COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McCullough and Senior Judge Annunziata
Argued at Alexandria, Virginia


BRENT C. BOUSMAN

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0932-11-4                  JUDGE STEPHEN R. McCULLOUGH
                                                         JANUARY 24, 2012
CAITLIN K. LHOMMEDIEU


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

David L. Duff (The Duff Law Firm, on brief), for appellant.

Stephen G. Cochran (Roeder, Cochran & Haight, PLLC, on brief),
for appellee.


Brent C. Bousman ("father") appeals from an order of the trial court requiring him,

pursuant to an agreement he reached with Caitlin K. Lhommedieu ("mother"), to pay one-half of

the cost of his son's college attendance.  Father contends that the trial court erred in its

construction of the agreement and further erred when it refused to allow him to present evidence

of mother's past non-compliance with the terms of their agreement.  Finding no error, we affirm

the judgment of the trial court and award mother attorney's fees.  We remand for a determination

of the amount of the attorney's fees.

## BACKGROUND

Father and mother were divorced in 1996.  Mother and father reached a "Stipulation of

Agreement" that governs their responsibilities with respect to their son William's education.

That agreement provides in part III as follows:

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

B.	Education

1.	Education through the twelfth grade.	Day care and extended day program expenses for William shall be shared between Brent and Caitlin equally, share and share alike. Caitlin will make all final decisions on education for William after consulting with Brent. If Brent disagrees with Caitlin's final decision on education for William, then Brent will not have to pay his one-half of the cost of such education.

Caitlin agrees to choose a school for William within an eleven-mile radius (excluding Maryland and D.C.) from the intersection of Route 236 and the Beltway.

2.	Undergraduate College Education.	Brent and Caitlin agree to divide equally, and each pay one-half, of all costs associated with William's undergraduate college. Expenses shall be defined to be tuition, room, board, books, and travel expenses for three trips back and forth between school and home each year.

The final decree of divorce incorporated, but did not merge, mother and father's property settlement agreement, which in turn incorporated by reference the Stipulation of Agreement. The final divorce decree also contained the following paragraph, which essentially republished the paragraph of the Stipulation of Agreement dealing with William's education through the twelfth grade:

The mother will make all final decisions on education for the minor child, after consultation with the father. If the father disagrees with the mother's final decision on education for the minor, then the father will not have to pay his one-half (1/2) cost of such education. The mother agrees to choose a school for the minor child within an eleven-mile radius (excluding Maryland and DC) from the intersection of Route 236 and the beltway.

The divorce decree does not similarly republish the paragraph addressing college education.

On October 27, 2010, following their son's enrollment in college, mother filed a petition for a rule to show cause on the basis that the father refused to pay his one-half share of their son's college expenses and, therefore, was in breach of his obligations under the divorce decree. At a hearing on the rule, the father contended that the agreement, properly construed, required

mother to consult with him about their son's college education, and she had not done so. He further argued that mother had previously breached the agreement in a number of particulars, notably by failing to maintain a civil relationship and by hampering the relationship between father and son. He claimed this material non-compliance constituted a breach of the agreement that excused any breach on his part.

The trial court held that father would not be permitted to present evidence of past breaches by mother. The court reasoned that a show cause proceeding is legally distinct from an action for a breach of contract. The court further held that under the parties' agreement, father was responsible for one-half of his son's college expenses and that the agreement did not require mother to consult with father. The trial court ordered father to pay one-half of the son's college expenses.

## ANALYSIS

I. THE TRIAL COURT WAS NOT REQUIRED TO CONSIDER ALL PAST BREACHES OF THE PARTIES' AGREEMENT WHEN ADJUDICATING A SPECIFIC RULE TO SHOW CAUSE.

Father first contends that the trial court erred when it precluded him from presenting evidence of mother's "prior material breaches of the parties' 'Stipulation of Agreement.'" Father observes that principles of contract law are applicable to agreements between the parties in divorce cases. Under settled contract principles, he notes, a material breach of the contract by one party will excuse non-performance by another party. Therefore, he asserts, he should have been afforded the opportunity to show that mother had not been in compliance with the agreement. Such a showing would excuse any non-compliance on his part.

In resolving this claim, we note that "[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Harrison v. Harrison, 58 Va. App. 90, 105, 706 S.E.2d 905, 913 (2011) (citation omitted).

- 3 -

The flaw with father's argument, as the trial court readily discerned, is that this is not an action for breach of contract. Where, as here, the trial court has incorporated the agreement of the parties into the final decree of divorce, the agreement acquired a dual nature as both a contract and an order of the court. As this Court has noted, when a party invokes a court's contempt authority and seeks to bring a party into compliance with the court's order, "[i]t is not the contract but rather the decree that is being enforced." Doherty v. Doherty, 9 Va. App. 97, 99, 383 S.E.2d 759, 760 (1989).

Consequently, when a court has incorporated an agreement under Code § 20-109.1, a party may not, as in a pure contractual situation, suspend its performance, even when the opposing party is in breach. Instead, the non-breaching party must continue "to comply with the terms of the decree until modified by a further order of the court." Newton v. Newton, 202 Va. 515, 518, 118 S.E.2d 656, 658 (1961). The logic of Newton applies in the present case. Assuming that mother had breached the agreement, father is not relieved of his obligation under the court decree. When vindicating the authority of its own orders, the trial court is vested with the discretion to determine the scope of the show cause proceeding, and may limit the evidence at the hearing to a specific issue.

The cases father relies upon are inapplicable. In each of those cases, the court addressed the settled principle of contract law that "a plaintiff has no right of action for a breach of contract where he himself has first broken it." Neely v. White, 177 Va. 358, 366, 14 S.E.2d 337, 340 (1941). None of those cases dealt with an agreement that was incorporated into an order of the trial court. See Federal Ins. Co. v. Starr Electric Co., 242 Va. 459, 410 S.E.2d 684 (1991) (dispute between two insurance carriers concerning a subcontractor's claim against a general contractor seeking payment for electrical work performed and materials supplied in a building renovation project); Neely, 177 Va. at 360, 14 S.E.2d at 338 (dispute over assumption of loan

- 4 -

payments by third party); <u>Hurly v. Bennett</u>, 163 Va. 241, 176 S.E. 171 (1934) (real estate contract).  As the trial court observed, an ordinary breach of contract action is doctrinally separate from a situation where a court is asked to enforce its own orders through a contempt action.

To be sure, contractual principles come into play, particularly in the construction of the agreement between the parties.  <u>See, e.g.</u>, <u>White v. White</u>, 257 Va. 139, 144, 509 S.E.2d 323, 326 (1999).  That, however, does not alter the nature of the enforcement action.[1]  In this show cause proceeding designed to enforce a prior order of the court, the trial court did not abuse its discretion by declining to hear father's evidence of breaches of other provisions of the agreement by mother.

II. THE AGREEMENT REQUIRES FATHER TO PAY ONE-HALF OF THEIR SON'S COLLEGE EDUCATION AND DOES NOT REQUIRE MOTHER TO CONSULT WITH FATHER.

Father next contends that, properly construed, the divorce decree and the "Stipulation of Agreement" required mother to consult with him regarding their son's choice of a college and to obtain his agreement.  Because she did not do so, father argues, he is absolved of any obligation to pay for half of his son's college education.

Agreements such as this one are "subject to the same rules of construction that apply to the interpretation of contracts generally."  <u>Southerland v. Estate of Southerland</u>, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995).  Whether a contract is ambiguous is a question of law which we review *de novo*.  <u>Langman v. Alumni Ass'n of the Univ. of Va.</u>, 247 Va. 491, 498, 442 S.E.2d 669, 674 (1994).  If the meaning of the agreement is unambiguous, courts will "adhere to the plain meaning of its stated terms."  <u>White</u>, 257 Va. at 145, 509 S.E.2d at 326.

---

[1] Moreover, opening the door to such evidence would have the effect of turning minor skirmishes into an Armageddon of recriminations over mutual allegations of non-compliance. Such an undesirable result further counsels against an across-the-board application of contract principles to enforcement actions such as this one.

The plain language of the agreement, in paragraph III(B), plainly calls for husband to pay for one-half of the college costs:

> 2.    Undergraduate College Education.  Brent and Caitlin agree to divide equally, and each pay one-half, of all costs associated with William's undergraduate college.  Expenses shall be defined to be tuition, room, board, books, and travel expenses for three trips back and forth between school and home each year.

Nothing in the specific language of this clause required mother to consult with father.[2]  The absence of a consultation requirement in this paragraph contrasts with the immediately preceding paragraph.  Under the paragraph governing education through the twelfth grade, mother was expressly required to consult with father and to obtain his assent.  These contrasting paragraphs make the parties' intent clear.

Father points to a paragraph of the divorce decree, which provides that

> The mother will make all final decisions on education for the minor child, after consultation with the father.  If the father disagrees with the mother's final decision on education for the minor, then the father will not have to pay his one-half (1/2) cost of such education.  The mother agrees to choose a school for the minor child within an eleven-mile radius (excluding Maryland and DC) from the intersection of Route 236 and the beltway.

He contends that this paragraph required mother to consult with father regarding all aspects of their son's education and absolved him of responsibility if he did not agree with the choice of college.  We reject father's argument for a number of reasons.  First, it is apparent that the paragraph father relies upon essentially republished the provision dealing with the education through the twelfth grade found in the parties' Stipulation of Agreement.  This paragraph does

---

[2] The language of this clause contrasts with the provision at issue in Jones v. Jones, 19 Va. App. 265, 450 S.E.2d 762 (1994).  The agreement in Jones provided that "*[b]oth parents shall agree on the college of attendance* and the children shall make satisfactory progress in that college program."  Id. at 266, 450 S.E.2d at 762 (emphasis added).  We held in Jones that this agreement afforded father "the right to 'veto' the selection of a particular college and, by exercising that right, to eliminate any obligation to pay a parental share of the expenses incurred at a college rejected by him."  Id. at 270, 450 S.E.2d at 764-65.

not on its face purport to supplant the more specific provision addressing college education. Father's interpretation of the paragraph above effectively would write out of the agreement the specific provision that governed the parties' obligation with respect to their son's college education. Father's construction of the divorce decree contravenes the settled rule that "contracts must be construed to give effect to every part thereof." Roanoke Marble & Granite Co. v. Standard Gas Oil & Supply Co., 155 Va. 249, 254, 154 S.E. 518, 520 (1930).

Moreover, the paragraph father relies upon from the divorce decree addresses the education of the "minor child." The parties' son is no longer a "minor child." By its plain language, therefore, this clause does not apply. Anticipating this point, father argues that the term "minor child" "is used throughout [the divorce decree] as a synonym for William" and that, "[o]therwise, the trial court's ruling creates substantial and material inconsistencies within the final decree of divorce." We reject father's strained interpretation of the agreement. In various clauses, the divorce decree does refer to William as "the minor child" – which, at the time of the entry of the decree, he was. These descriptions of William as a minor child do not alter the plain meaning of the paragraph addressing William's college education.[3]

Finally, Code § 20-109(C) provides that where, as here, the parties have reached a "stipulation or contract," "no decree or order . . . imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract." By incorporating this agreement into the final divorce decree, the trial court's purpose was to give the parties' agreement full effect, not to rewrite or undermine it. To read the agreement as father suggests would artificially create tension between the parties' agreement and the divorce decree which specifically incorporated that agreement.

---

[3] Father's reading of the agreement would also produce an anomalous restriction on William's college education, by limiting his choice of college to "an eleven-mile radius (excluding Maryland and DC) from the intersection of Route 236 and the beltway."

In short, the agreement of the parties contains no requirement that mother consult with father about a choice of college, and no requirement that father agree to the choice of college. The trial court was correct in its interpretation of the divorce decree and the agreement mother and father negotiated.

## CONCLUSION

We hold that the trial court committed no abuse of discretion when it excluded father's proffered evidence of past breaches of the agreement by mother. We further hold that the agreement between the parties plainly provides, with no obligation of consultation on the part of mother or agreement by father, that father will pay one-half of his son's college expenses.

Finally, under the parties' property settlement agreement, "any costs, including but not limited to counsel fees and court costs incurred by a party in the substantially successful enforcement of any of the agreements, covenants or provisions of this Agreement, whether through litigation or otherwise shall be borne by the defaulting party." In light of this provision, we award attorneys' fees to mother. We remand to the trial court solely for a determination of the amount of fees to be awarded for mother's successful litigation of this appeal.

<u>Affirmed and remanded.</u>