Present:  All the Justices

BRENDA P. CUMMINGS,
T/A KALEIDOSCOPE

v.  Record No. 000115    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                       January 12, 2001
JEAN S. FULGHUM


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       Timothy J. Hauler, Judge


    In this appeal, we consider whether a plea of recoupment

under Code § 8.01-422 is subject to a statute of limitations

defense raised by a plaintiff in an action to enforce payment of

a note.

    The following facts are undisputed.  On December 3, 1997,

Jean S. Fulghum filed a motion for judgment against Brenda P.

Cummings to enforce payment of a promissory note secured by a

deed of trust.  Cummings and her late husband, Kenneth V.

Cummings, Jr., had executed the note pursuant to a March 1987

contract between the Cummingses and a construction contractor,

Larry W. Primm (Primm), and his corporation, Larry W. Primm

Construction, Inc. (Primm Construction).  Under the terms of the

contract, the Cummingses agreed to purchase from Primm

Construction a parcel of land on which Primm agreed to construct

certain improvements.  The contract provided that $45,000 of the

purchase price for the land was to be secured by a deed of trust

on the property, accompanied by a note made payable to Primm.

On December 21, 1987, the Cummingses executed the deed of trust and a note made payable "to Larry W. Primm, or order." In the note, the Cummingses agreed to make monthly payments of interest only for a term of six years, beginning on the date of "completion of the improvements on the property," with the principal balance and any unpaid interest due at the end of this six-year term. Primm later assigned the note to Fulghum and her late husband, Arthur T. Fulghum, III. A building was constructed on the property and on October 11, 1990, the County of Chesterfield issued a certificate of occupancy permitting use of the building.

Fulghum's motion for judgment alleged that Cummings was in default under the terms of the note. Fulghum asserted that this default occurred based on Cummings's alleged failure to pay the principal sum due on October 11, 1996, six years after the date the certificate of occupancy was issued, and failure to make monthly interest payments from November 1990 through November 1997. Fulghum sought payment of the principal sum due plus interest owed under the terms of the note.

On December 30, 1997, Cummings filed a grounds of defense in which she alleged that Primm, the original note holder, had breached his contract with her, causing her to suffer damages in an amount greater than the amount Fulghum was seeking to recover. Cummings requested that the action against her be

2

dismissed.  In response, Fulghum filed a "Plea of Statute of Limitations" stating that Cummings's "claim of damages" was barred by the statute of limitations.

After hearing argument on the nature of Cummings's pleadings, the trial court concluded that Cummings had pleaded recoupment under Code § 8.01-422.  The trial court held that Cummings's statutory recoupment plea was subject to the statute of limitations plea asserted by Fulghum and was time-barred.  In articulating its ruling, the trial court expressly relied on Neely v. White, 177 Va. 358, 14 S.E.2d 337 (1941).  After further proceedings on the merits of the motion for judgment, the trial court entered final judgment in favor of Fulghum and ordered Cummings to pay the principal amount due on the note, with interest as specified in the judgment order.

On appeal, Cummings argues that a plea of recoupment asserted under Code § 8.01-422 is not subject to a plea of the statute of limitations.  She contends that our decision in Neely does not resolve this issue because Neely was decided under statutes that differ substantially from the provisions of Code § 8.01-422.  She asserts that "as a result of the substantive changes made to the statutes by the General Assembly in 1954, this Court's holding in Neely has become one of historical interest only."

3

In response, Fulghum argues that a statutory recoupment plea has the characteristics of an action at law that effectively is initiated when the plea is filed. Therefore, she contends that the five-year statute of limitations of Code § 8.01-246 applicable to written contracts bars Cummings's statutory recoupment plea. Fulghum asserts that although the statutes we considered in Neely have been amended, Code § 8.01-422 should be applied in the same manner as its predecessor statute was applied in Neely, because Code § 8.01-422 is "almost identical" to that former statute. We disagree with Fulghum's arguments.

Under basic rules of statutory construction, we examine a statute in its entirety, rather than by isolating particular words or phrases. Earley v. Landsidle, 257 Va. 365, 369, 514 S.E.2d 153, 155 (1999); Ragan v. Woodcroft Village Apartments, 255 Va. 322, 325, 497 S.E.2d 740, 742 (1998); Buonocore v. C&P Telephone Co., 254 Va. 469, 472-73, 492 S.E.2d 439, 441 (1997). When the language in a statute is clear and unambiguous, we are bound by the plain meaning of that language. Earley, 257 Va. at 370, 514 S.E.2d at 155; Ragan, 255 Va. at 326, 497 S.E.2d at 742; Harrison & Bates, Inc. v. Featherstone Assoc., 253 Va. 364, 368, 484 S.E.2d 883, 885 (1997). We must determine the General Assembly's intent from the words appearing in the statute, unless a literal construction of the statute would yield an

4

absurd result. Earley, 257 Va. at 369, 514 S.E.2d at 155;

Ragan, 255 Va. at 325-26, 497 S.E.2d at 742; Abbott v. Willey,

253 Va. 88, 91, 479 S.E.2d 528, 530 (1997).

In a contract action, the pleading of statutory equitable

defenses, including the defense of statutory recoupment, is

governed by Code § 8.01-422, which provides:

> In any action on a contract, the defendant may file a
> pleading, alleging any matter which would entitle him to
> relief in equity, in whole or in part, against the
> obligation of the contract; or, if the contract be by deed,
> alleging any such matter arising under the contract,
> existing before its execution, or any such mistake therein,
> or in the execution thereof, or any such other matter as
> would entitle him to such relief in equity; and in either
> case alleging the amount to which he is entitled by reason
> of the matters contained in the pleading. If the amount
> claimed by the defendant exceed the amount of the
> plaintiff's claim the court may, in a proper case, give
> judgment in favor of the defendant for such excess.

The language of this statute is clear and unambiguous. We

review its plain language in conjunction with our holding in

Neely to determine whether that holding is applicable to a

recoupment plea under Code § 8.01-422.

In Neely, we considered whether a plea of statutory

recoupment under former Code § 6145, a predecessor statute to

Code § 8.01-422,[1] was subject to a plea of the statute of

limitations. We observed that the "entire subject of statutory

---

[1]Former Code § 6145 was recodified in 1950 as former Code
§ 8-241, which was amended in 1954. Code § 8.01-422 represents
the 1977 recodification of former Code § 8-241, as amended in
1954.

5

recoupment" was at that time "embraced in Chapter 255 of the Code," which included both former Code §§ 6145 and 6149. 177 Va. at 364, 14 S.E.2d at 339.

Former Code § 6145 provided, in material part:

In any action on a contract, the defendant may file a plea, alleging . . . [any] matter as would entitle him . . . to relief in equity, in whole or in part, against the obligation of the contract. . . .

Pleas asserted under this provision were subject to defenses allowed by former Code § 6149, which provided, in material part:

A defendant who files a plea . . . under this chapter shall be deemed to have brought an action, at the time of filing such plea . . . against the plaintiff[;] . . . the defendant's claim shall be open to the same ground of defense to which it would have been open in any action brought by him thereon.

After considering the language of former Code §§ 6145 and 6149, we held in Neely that these statutes treated a statutory recoupment plea as an "action" subject to the same defenses as any other action, including a plea of the statute of limitations. 177 Va. at 364, 14 S.E.2d at 340. We stated that "[b]y [former] Code § 6149, the defendant filing a special plea under this chapter is put on the footing of a plaintiff and is deemed to have brought an action against the plaintiff at the time of filing his plea." Id. Thus, our holding in Neely, that a plea of statutory recoupment under former Code § 6145 was subject to a plea of the statute of limitations, was based directly on former Code § 6149.

6

Former Code § 6149, however, was substantially amended in 1954 after being recodified as former Code § 8-244. These amendments limited the application of former Code § 8-244 to counterclaims and cross-claims, as set forth in relevant part:

> A defendant who pleads a counterclaim or cross-claim shall be deemed to have brought an action at the time he files such pleading, provided that if the subject matter of the counterclaim arises out of the same transaction or occurrence upon which the plaintiff's claim is based, the statute of limitations with respect to such counterclaim shall be tolled by the commencement of the plaintiff's action.

Former Code § 8-244 was recodified in 1977 as Code § 8.01-233, which retained the substance of former Code § 8-244 and contained a new provision including cross-claims in its statutory tolling provision.[2] Therefore, Code § 8.01-233 has no bearing on the statute of limitations issue before us, because a recoupment plea asserted under Code § 8.01-422 is not a counterclaim or a cross-claim within the meaning of Code § 8.01-233.

Based on this statutory history, we examine our holding in Neely in light of the General Assembly's later actions. When a

---

[2]Code § 8.01-233 provides:
A. A defendant who pleads a counterclaim or cross-claim shall be deemed to have brought an action at the time he files such pleading.
B. If the subject matter of the counterclaim or cross-claim arises out of the same transaction or occurrence upon which the plaintiff's claim is based, the statute of limitations with respect to such pleading shall be tolled by the commencement of the plaintiff's action.

7

statute or a group of statutes has been revised, and the General Assembly has omitted provisions formerly enacted, the parts omitted may not be revived by construction, but must be considered as annulled. Richmond-Ashland Ry. Co. v. Commonwealth, 162 Va. 296, 305, 173 S.E. 892, 896 (1934); Western Assurance Co. v. Stone, 145 Va. 776, 785, 134 S.E. 710, 713 (1926). A contrary holding would impute to the General Assembly gross carelessness or ignorance, which is wholly impermissible. Western Assurance, 145 Va. at 785, 134 S.E. at 713. Thus, to depart from the meaning expressed by the language of a revised statute or group of statutes is to change the statutes, to legislate and not to interpret. See Greenberg v. Commonwealth, 255 Va. 594, 600, 499 S.E.2d 266, 269 (1998); Faulkner v. Town of South Boston, 141 Va. 517, 524, 127 S.E. 380, 382 (1925).

Under former Code § 6149, certain equitable defenses, including the defense of statutory recoupment, were subject to "the same ground[s] of defense" ordinarily asserted in actions at law. That restriction on equitable defenses was removed by the General Assembly when it deleted from the successor statutes to former Code § 6149 the provision that statutory equitable defenses shall be deemed an "action" and be subject to any grounds of defense applicable in an action at law.

8

In the absence of this statutory restriction, the language of Code § 8.01-422 is clear and unambiguous. That language does not contain any provisions subjecting equitable pleas of statutory recoupment to defenses available in an action at law such as the statute of limitations. Moreover, no other statute has revived the provision of former Code § 6149 allowing such defenses to equitable pleas asserted pursuant to statute. Thus, based on the statutory changes enacted after Neely, we conclude that our holding there is inapplicable to a plea of statutory recoupment under Code § 8.01-422. Accordingly, we hold that a plea of recoupment under Code § 8.01-422 is not subject to a statute of limitations defense, and that the trial court erred in holding that Cummings's recoupment plea under Code § 8.01-422 was time-barred.[3]

For these reasons, we will reverse the trial court's judgment, and remand the case for further proceedings based on the parties' pleadings.[4]

---

[3]We recognize that Code § 8.01-422 allows a defendant asserting a recoupment plea to claim an amount in excess of the plaintiff's claim, and that the statute provides that the court "may, in a proper case, give judgment in favor of the defendant for such excess." However, in view of the statutory changes discussed above, we are not at liberty to use this language to revive by construction the provision of former Code § 6149, treating statutory recoupment pleas as "actions," that the General Assembly chose to delete.

[4]Based on our holding, we do not reach Fulghum's assignment of cross-error regarding the trial court's computation of interest.

Reversed and remanded.