## CIRCUIT COURT OF LANCASTER COUNTY

Landing Owners
Association

v.

John Simons
and Barbara D. Simons

March 21, 2002

Case No. CL01-65

BY JUDGE HARRY T. TALIAFERRO, III

This matter came before the Court on March 19, 2002, on the plaintiff's motion to strike defendants' Plea of Setoff. The plaintiff has alleged a variety of grounds on which the Court should sustain such motion. The Court has heard the oral argument of counsel and has read the Plea of Setoff filed by the defendants, the Plaintiff's Notice setting forth eight grounds for striking the Plea of Setoff, the Defendants' Memorandum in Support of Special Plea, and the Reply Memorandum of the defendants. The Court has further reviewed the statutory authorities and case law cited by the parties. Upon consideration for all such matters, the Court finds as follows.

The Plea of Setoff is not barred by the Statute of Limitations or Laches. The Plea of Setoff is not an "action" such as a counterclaim or cross-claim whereby the defendants seek a money judgment. It is, however, an equitable defense in which the defendants allege a claim they have against the plaintiff and request that such claim be used to offset the claim which the plaintiff makes in the action now before the Court. Equitable defenses are governed by Virginia Code § 8.01-422 which provides in part that "the defendant may file a pleading, alleging any matter which would entitle him to relief in equity." The Virginia Supreme Court case of *Cummings v. Fulghum*, 261 Va. 73, 540 S.E.2d 494 (2001), holds that the Statute of Limitations is not a defense against any such equitable defenses or pleas.

The defendants are not barred from asserting their setoff because there was no consideration for their claim. The defendants in paragraph 6 of their Plea of Setoff allege that the Board of the Association agreed to "repay the defendants the $78,000 they had advanced." The plaintiff argues that this means the work had been completed at that time so that the Board's agreement constituted only a promise not supported by consideration. The Court holds that all the provisions of the Plea of Setoff must be read together. Paragraphs 3, 4, and 5 of the Plea clearly state that there was a demand made to the Association to fulfill its obligation to remedy the erosion problem; that the Board of the Association recognized such obligation, but took no action because it had insufficient funds; and that the Board consented to the defendants advancing the sums so that the necessary work could be done to remedy the erosion problems. This constitutes a sufficient allegation that there was a prior promise to repay the defendants for the money advanced to have the work performed and that there was consideration to support the agreement between the defendants and the plaintiff.

The plaintiff further seeks to strike the Plea of Setoff on the grounds that the Board acted *ultra vires* because of their failure to obtain approval from two-thirds of the property owners, as required in the Association's bylaws and because certain conditions precedent which were part of the agreement to repay the money as alleged by the defendants in paragraph 6 of the Plea of Setoff were not alleged to have been satisfied. The Court does not view either of these matters as constituting grounds to dismiss the plea. The Court holds that the truth or falsity of these matters and their materiality to the right to assert a setoff would be better determined by evidence heard in court.

The parties have agreed themselves that the two provisions of the Statute of Frauds cited by the plaintiff as grounds for striking the Plea of Setoff should be determined based on the evidence presented at the trial of this case.

The Court denies the plaintiff's motion to strike the Plea of Setoff for the reasons herein stated.