# CIRCUIT COURT OF FAIRFAX COUNTY

Rosenbloom et al.

v.

Integrated Security Systems, Inc.

## Case No. (Law) 2006-5825

BY JUDGE R. TERRENCE NEY

## March 12, 2007

This matter came before the Court on Plaintiffs' Rosenbloom et al. Demurrer to the Amended Answer. After oral argument, the Court took under advisement the Plaintiff's motion to strike the Defendant's affirmative defense of recoupment.

### *Facts*

On September 5, 2003, the parties entered into an Agreement and Plan of Merger ("Agreement"). Pursuant to the Agreement, the owner and directors of ARMR Services Corporation ("Rosenblooms") sold the capital stock of their company to Integrated Security Systems, Inc. ("ISSI") in exchange for compensation described in Section 2.2.1 of the Agreement. One component of this compensation was a series of quarterly deferred payments equal to five percent of certain sales revenues over the three-year period commencing on the Closing Date.

Less than two weeks after the merger, ISSI received approximately $300,000 in undisclosed ARMR accounts payable invoices, ISSI Opposition to Plaintiffs' Demurrer, ¶ 3. Eventually, ISSI received a total of $335,213.97 in undisclosed, pre-merger accounts payable invoices that they were obligated

to pay as a result of the merger. Defendant Integrated Security Systems, Inc.'s Opposition to Plaintiffs' Demurrer, ¶ 3. ISSI also discovered that the pre-merger accounts receivable by ARMR were grossly overstated and that key personnel within ARMR made material misrepresentations about their business capabilities. *Id.*

The Rosenblooms have brought suit against ISSI for breach of contract claiming that ISSI has failed to pay all sums owed to them. On December 27, 2006, ISSI filed an Amended Answer, Grounds of Defense, and Counterclaim in response to an allowance by this Court to amend its pleadings after the Court declined to rule on the merits of the Plaintiffs' Motion for Summary Judgment. In answers to interrogatories, ISSI had alleged offsetting damages stemming from misrepresentations made by the Rosenblooms during contract negotiations. This Court declined to rule on ISSI's defensive assertion, based solely on how it was described in discovery and afforded ISSI the opportunity to amend its plea. ISSI amended its answer and included the following as a defense. "Plaintiffs' claims and causes of action, if any, are or may be barred by the doctrines of laches, accord and satisfaction, set-off, statutory and/or common-law recoupment, waiver, and/or estoppel." Defendant Integrated Security Systems, Inc.'s Amended Answer, Grounds of Defense, and Counterclaim, ¶ 4.

The Rosenblooms moved to strike to ISSI's plea of statutory and/or common law recoupment as an affirmative defense.

*Analysis*

Recoupment is defined as "the right of a defendant to have the plaintiff's claim reduced or eliminated because of the plaintiff's breach of contract or duty in the same transaction and/or an affirmative defense alleging such a breach." *Black's Law Dictionary* (8th ed. 2004).

In *Cummings v. Fulghum*, the Supreme Court of Virginia held that statutory recoupment may be brought as an affirmative defense in a contract action and is governed by Virginia Code § 8.01-422, which states:

> In any action on a contract, the defendant may file a pleading, alleging any matter which would entitle him to relief in equity, in whole or in part, against the obligation of the contract; or, if the contract be by deed, alleging any such matter arising under the contract, existing before its execution, or any such mistake therein, or in the execution thereof, or any such other matter as would entitle him to such relief in equity; and in either case alleging the

amount to which he is entitled by reason of the matters contained in the pleading. If the amount claimed by the defendant exceeds the amount of the plaintiff's claim the court may, in a proper case, give judgment in favor of the defendant for such excess.

*Cummings v. Fulghum*, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001); *see also Williams v. Kinser*, 64 Va. Cir. 128 (Fairfax 2004).

*Cummings* further states that "a recoupment plea asserted under § 8.01-422 is not a counterclaim or a cross-claim within the meaning of § 8.01-233." Section 8.01-233 addresses the tolling of counterclaims and cross-claims. and, therefore, a plaintiff may not raise a statute of limitations defense against a plea of recoupment. *Cummings*, 261 Va. at 79-80, 540 S.E.2d at 497-98; *see also Bremer v. Doctor's Bldg. Partnership*, 251 Va. 74, 465 S.E.2d 787 (1996).

The Court finds that ISSI may plead statutory recoupment under Va. Code § 8.01-422 because it both arises out of the same contract under which the Rosenblooms are seeking compensation, the Agreement, and it may entitle ISSI to relief, in whole or in part, against any obligation to the Rosenblooms. If the Rosenblooms misstated the value of ARMR's assets during contract negotiations, ISSI's obligations to the Rosenblooms may be reduced or even eliminated at trial.

The Court further holds that, under Va. Code § 8.01-422, ISSI must allege the dollar amount to which it believes it is entitled in its pleading. Although it appears this amount is provided in ISSI's Amended Answer, Grounds of Defense, and Counterclaim, it is not mentioned in its Grounds of Defense. Defendant Integrated Security Systems, Inc.'s Amended Answer, Grounds of Defense, and Counterclaim, ¶ 17.

As to common law recoupment, this Court finds that the Virginia Supreme Court case of *Neely v. White* does not stand for the proposition that pleading statutory recoupment precludes a defendant from also pleading common law recoupment. *Neely v. White*, 177 Va. 358, 14 S.E.2d 337 (1941). The Virginia Supreme Court itself has stated that, "based on the statutory changes enacted after *Neely*, we conclude that our holding there is inapplicable to a plea of statutory recoupment under Code § 8.01-422." *Cummings*, 261 Va. at 80, 540 S.E.2d at 498.

For these reasons, the Rosenblooms' Motion to Strike is denied. ISSI is given ten days to amend its pleading to conform to the provisions of Virginia Code § 8.01-422.

June 21, 2007

This matter came before the Court on Plaintiffs' Rosenbloom, et al., Motion to Strike Defendant's affirmative defense of recoupment. After oral argument on May 4, 2007, the Court took the matter under advisement.

*Facts*

On September 5, 2003, the parties entered into an Agreement and Plan of Merger. Pursuant to the Agreement, the owner and directors of ARMR Services Corporation sold the capital stock of their company to Integrated Security Systems, Inc., in exchange for compensation. Section 10.1 of the Agreement provides that:

> [a]ll representations, warranties, covenants, and obligations in this Agreement . . . will survive the Closing for a period of one (1) year (other than those in Section 11.1, which shall survive pursuant to their terms).

A similar limitation appears in Section 10.4.

The Rosenblooms later brought suit against ISSI for breach of contract, claiming that ISSI failed to pay all sums owed to the Rosenblooms. In an amended answer, ISSI included the following as a defense.

> Plaintiffs' claims and cause of action, if any are or may be barred by the doctrine of laches, accord and satisfaction, set-off, statutory and/or common law recoupment as an affirmative defense.

The Rosenblooms moved to strike ISSI's plea of statutory and/or common law recoupment as an affirmative defense, which the Court denied in a letter opinion of March 12, 2007. In the opinion, the Court concluded that a statute of limitations defense does not bar a plea of recoupment. The Rosenblooms have again moved to strike ISSI's plea of recoupment, this time on grounds that a limitation period contained in a contract is not a statute of limitations, and hence may bar recoupment.

*Analysis*

In Virginia, statutory recoupment may be brought as an affirmative defense under Virginia Code § 8.01-422, which provides:

In an action on a contract, the defendant may file a pleading, alleging any matter which would entitle him to relief in equity, in whole or in part, against the obligation of the contract. . . .

Defining common law recoupment, the Virginia Supreme Court has held:

Recoupment must arise out of the same transaction; the amount need not be liquidated; there can be no recovery over; the right to recoupment must be shown by a plea in the general issue, or *nil debet*, or *non assumpsit*; it cannot be used against a sealed instrument; and purely equitable defenses cannot be set up.

*City of Richmond v. Chesapeake & Potomac Tel. Co. of Va.*, 205 Va. 919, 925, 140 S.E.2d 683, 687 (1965).

The Virginia Supreme Court has previously addressed whether a contractual time limitation will bar a party from filing an original claim. In *Board of Sup'rs of Fairfax County v. Sampson*, the Virginia Supreme Court considered a case where Fairfax County agreed that it would file suit within one month of any dispute regarding a developer's cost estimate. Concluding that the County's suit was barred because it was filed beyond the one-month period, the Court held that:

Parties to a contract properly may agree that a claim under the contract must be enforced within a shorter time limit than that fixed by statute if the contractual provision is not against public policy and if the agreed time is not unreasonably short.

235 Va. 516, 518-20, 369 S.E.2d 178, 179-80 (1988); accord *Massie v. Blue Cross and Blue Shield of Va.*, 256 Va. 161, 165, 500 S.E.2d 509, 511 (1998).

A defense of recoupment, however, is not the same as an original claim. The Virginia Supreme Court has clearly stated that "a recoupment plea is not a counterclaim or a cross-claim within the meaning of § 8.01-233." *Cummings v. Fulghum*, 261 Va. 73, 79-80, 540 S.E.2d 494, 497-98 (2001). Section 8.01-233 addresses the tolling of counterclaims and cross-claims. Rather, recoupment is a defense that serves to reduce or eliminate the plaintiff's claim. *Black's Law Dictionary* (8th ed. 2004).

The Virginia Supreme Court has not specifically addressed the question of whether a contractual time limitation will bar a defense of recoupment. Authority suggests, however, that a time limitation that would apply to an

original claim, or even a cross-claim or counterclaim, would not apply to a recoupment defense. Prior to the time that the Virginia Supreme Court concluded that a statute of limitations defense is not a bar to a plea of recoupment, *Cummings v. Fulghum*, 261 Va. at 79-80, 540 S.E.2d at 497-98. the Court held that "a defense of recoupment is not barred by the statute of limitations *so long as the main action out of which the claim arose is timely.*" *City of Richmond*, 205 Va. at 926, 140 S.E.2d at 688 (emphasis added). That analysis implies that recoupment may be pleaded whenever a plaintiff files any timely complaint, notwithstanding limitations that would apply to an original claim, cross-claim, or counterclaim.

Additionally, as to bankruptcy actions, Professor Williston in his treatise on contracts writes:

> Recoupment is applied when the relevant claims arise out of the same contract or a single, integrated transaction, *such that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations.* In other words, recoupment is justified in single contract bankruptcy cases because there is but one recovery due on the contract, and that recovery must be determined by taking into account the mutual benefits and obligations of the contract.

31 *Williston on Contracts* § 78:106 (4th ed. 2007) (emphasis added).

The Court holds that a contractual limitation on warranties and representations does not bar a plea of recoupment. A recoupment plea is not the same as an original action or counterclaim for breach of warranty. The recoupment defense arises from the same contract and transaction contained in the timely filed complaint. Prohibiting Defendants from asserting a recoupment plea may allow Plaintiffs to "enjoy the benefits of the transaction without meeting its obligations." 31 *Williston on Contracts* § 78:106 (4th ed. 2007).

For these reasons, the Rosenblooms' motion to strike ISSI's affirmative defense of recoupment is denied.