COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Huff and Senior Judge Haley

XIN LI

                                               MEMORANDUM OPINION[*]
v.       Record No. 1463-13-4                          PER CURIAM
                                              SEPTEMBER 9, 2014
TOWN OF HERNDON

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David S. Schell, Judge

(Xin Li, *pro se*, on briefs). Appellant submitting on briefs.

(Manuel A. Capsalis, Deputy Town Attorney; E. Kate Fitzgerald,
Deputy Town Attorney; Capsalis Fitzgerald, PLC, on brief), for
appellee. Appellee submitting on brief.

Xin Li was convicted of operating a massage establishment without a permit in violation of

Fairfax County Code § 28.1-3-1. Li argues the trial court erred in interpreting the meaning of

"operator" as used in Fairfax County Code § 28.1-3-1. We disagree and affirm.[1]

<u>BACKGROUND</u>

"On appeal, 'we review the evidence in the light most favorable to the [Town of

Herndon], granting to it all reasonable inferences fairly deducible therefrom.'" <u>Archer v.

Commonwealth</u>, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting <u>Martin v.

Commonwealth</u>, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). So viewed, the evidence

proved that on September 14, 2012, Officer Barton was investigating unlicensed massage

establishments, and, in a follow-up from a previous inspection, he entered an establishment

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Town of Herndon argues Li failed to present her arguments to the trial court and are
barred by Rule 5A:18. Based upon a review of the record, Li preserved the issue.

doing business as Serene Soul.  Barton testified he spoke to Li and Li stated she was the manager on duty.  Li also provided a recitation of the services offered at the establishment and admitted to giving the only massage given that day at Serene Soul.  Barton asked where the owner was and Li stated that the owner was not on-site.  Barton asked Li if she could get in touch with the owner, and Li stated that she would call "Nancy."  No one answered Li's phone call.  Barton issued a summons to Li for operating a massage establishment without a permit in violation of Fairfax County Code § 28.1-3-1.

Xunping Liang testified she was the owner and operator of Serene Soul.  Liang testified she was responsible for procuring all licenses for the business and was involved in the day-to-day operation of the business.  Liang testified she made appointments, assigned work, oversaw two employees, and collected money from the employees at the end of the day.  Liang testified she did not receive Li's phone call on September 14, 2012.  Liang testified she had been on the premises of Serene Soul for the previous inspection and was involved in the subsequent paperwork which that inspection required.  The trial court entered into evidence a copy of a May 21, 2012 business license certificate for Serene Soul and issued to Liang.

Li testified she was employed as a massage therapist.  Li initially testified she was at the front desk when Barton entered, but subsequently testified she did not greet Barton.  Later, Li testified another massage therapist named "Lilly" spoke to Barton first.  Li initially testified she claimed to be the manager, but subsequently testified she did not tell Barton she was the manager.  Li testified if the owner was not on the premises, she would assign the clients, collect cash payments, and call the owner if payment was made by a credit card.

Fairfax County Code § 28.1-3-1 provides, "It is unlawful for any person to own or operate a massage establishment in Fairfax County unless he has a valid massage establishment permit issued by the Director."  The trial court found that Fairfax County Code § 28.1-3-1 was

written in the disjunctive and that in a heavily regulated business, such as massage establishments, it was imperative that the owners and operators ensure complete compliance with all regulations at all times. The trial court found that an individual did not have to own a business to operate it. The trial court found that whenever there was an inspection of a massage establishment, the owner or operator must be able to respond to questions immediately, either in person or by telephone. The trial court found that "[i]n the absence of or the unavailability of the owner, the plain language of the statute set[s] forth that whomever was on the premises was operating the business, defined by greeting customers, taking money, and assigning staff." The trial court determined that Li was acting as an operator of Serene Soul as evidenced by her actions and testimony and, because Liang was not on-site and did not respond to the phone call, Li was operating Serene Soul on September 14, 2012.

## ANALYSIS

Li argues the trial court construed "operator" as the person "left behind in the massage establishment that assumes the temporary managerial duties in the absence of the owner or manager" and that construction was overbroad and deviates from the ordinary meeting of the term "operator." Li contends "operator" should be construed as someone who regularly manages and supervises a massage establishment.

"'Statutory construction is a question of law which we review *de novo* on appeal.'" Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 480, 666 S.E.2d 361, 368 (2008) (quoting Parker v. Warren, 273 Va. 20, 23, 639 S.E.2d 179, 181 (2007)). In dealing with statutory construction, "we examine a statute in its entirety, rather than by isolating particular words or phrases." Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001).

"While penal statutes must be strictly construed against the [Town of Herndon], '[t]he plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or

- 3 -

strained construction; a statute should never be construed so that it leads to absurd results.'" Newton v. Commonwealth, 21 Va. App. 86, 89, 462 S.E.2d 117, 119 (1995) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).

Fairfax County Code § 28.1-1-2 provides in part, "the Board of Supervisors has found it necessary and proper to exercise its regulatory authority under the police power for the protection of the health, safety and general welfare of its citizens by providing for the permitting and regulation of massage therapist and massage establishments." Fairfax County Code § 28.1-1-3 defines words and phrases used in the chapter, but it does not define "operator."

An "operator" is defined as "a person that actively operates a business (as a mine, a farm, or a store) whether as owner, lessor, or employee." Webster's Third New Int'l Dictionary 1581 (1993).

Although Li gave conflicting testimony at her trial, she initially testified she was at the front desk when Barton entered and she claimed to be the manager on duty. Li's initial testimony was consistent with Barton's testimony, which was that Li admitted she was the manager on duty. Li also admitted that when the owner was not on the premises, she assigned clients, collected cash payments, and called the owner when a customer paid with a credit card. When asked by Barton to contact the owner, Li tried to call "Nancy," but no one answered Li's phone call. Although Liang was the owner of Serene Soul, she was not on the premises when Barton entered, Li was unable to reach her, and Li told Barton that she was the manager. The purpose of requiring both an owner and an operator of a massage establishment to be licensed is for the protection of the health, safety, and general welfare of citizens. Based upon Li's admission that she was the manager, the trial court did not err in determining Li was an "operator" of a massage establishment on September 14, 2012.

Accordingly, Li's conviction for operating a massage establishment in violation of

Fairfax County Code § 28.1-3-1 is affirmed.

<u>Affirmed.</u>
